**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| K.N.H., *by and through her next Friend and Guardian*, Gina Hutchins, et al., | : | Case No. 3:07CV1738 |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| Commissioner of Social Security, | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

Plaintiff seeks judicial review of a final decision of the Commissioner denying her application for Supplemental Social Security Income (SSI) under Title XVI of the Social Security Act (the Act), 42 U. S. C. § §§ 1381, *et seq*. and 405(g). Pending are (1) Defendant's Motion to Dismiss (Docket No. 5) and Plaintiff's Opposition (Docket No. 12) and (2) Defendant's unopposed Motion to Strike (Docket No. 13). For the reasons that follow, both the Motion to Strike and the Motion to Dismiss are granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August l, 2002, Christopher J. Hutchins (Claimant) filed an application for a period of disability and disability insurance benefits, alleging disability beginning on November 13, 1994. The claim was denied initially on January 23, 2003, and upon reconsideration on June 6, 2003. Claimant filed a timely request for hearing on July 21, 2003. A hearing was scheduled for February10, 2005, but claimant did not appear. The

Administrative Law Judge (ALJ) issued a dismissal order on April 20, 2005. Claimant requested review by the Appeals Council and on September 9, 2005, the Appeals Council vacated the ALJ order of dismissal and remanded the case for further proceedings.

On remand, the ALJ determined that good cause existed for the failure to appear. After proper notice, the ALJ held a video hearing on January 26, 2006. Claimant was unable to attend the hearing. However, Claimant's non-attorney representative, Robert Edwards, proceeded without him. The representative appeared in Toledo, Ohio, and the ALJ presided over the hearing from Fort Wayne, Indiana. Joseph L. Thompson, a vocational expert (VE), appeared at the hearing. Mr. Edwards asked that Claimant's previous Title II application filed on July 26, 1996, be reopened. This claim alleged that claimant's disability began on December 31, 1994. The claim was denied initially on October 9, 1996, and no further action was taken. The ALJ did not reopen the claim because the current application was not filed within four years from the date of the notice. The previous determination was deemed final and binding (Docket No. 5, Government Exhibit A, p. 1/8).

On May 4, 2006, the ALJ determined that Claimant was not disabled through June 30, 2001, the date last insured (Docket No. 5, Government Exhibit A, p. 8/8). Claimant died on May 26, 2006 (Docket No. 12, fn. 1; Docket No. 1, p. 2). On April 7, 2007, the Appeals Council denied the request for review, rendering the ALJ's decision finding that Claimant was not disabled, the final decision of the Commissioner (Docket No. 5, Government Exhibit B). Plaintiff, Claimant's biological daughter, filed a complaint for judicial review of the Commissioner's final decision on June 12, 2007 (Docket No. 1). Defendant contends that this case was untimely filed and should be dismissed. Moreover, Defendant argues that Plaintiff's response to his motion to dismiss should be stricken as it was filed untimely and without leave of court.

**MOTION TO STRIKE**
Docket No. 13

Defendant argues that on September 4, 2007, Plaintiff moved for an extension of time to file her response to the Motion to Dismiss. The first extension of time was granted until October 1, 2007 (Docket No. 9). A second motion to extend the time to file a response to the Motion to Dismiss was granted, extending the time to file a response until November 9, 2007 (Docket No. 11). Three months later on January 14, 2008, Plaintiff filed a response to the Motion to Dismiss without leave of Court (Docket No. 12). Defendant moves this Court for an order striking Plaintiff's Opposition to Defendant's Motion to Dismiss for failure to obtain leave of court before filing an untimely pleading.

Under the United States District Court for the Northern District of Ohio Local Rule 7.1, which governs the submission of motions and other papers, the filing of opposing memoranda **must** be filed within a prescribed time unless leave is granted by the Judicial Officer to file outside of the prescribed time. Plaintiff did not obtain leave to file her Opposition beyond the deadline for doing so. Further, Plaintiff failed to offer a good cause explanation for the untimely filing. The Motion to Strike shall be granted.

### THE TIME FOR FILING A SOCIAL SECURITY APPEAL
**Docket No. 5**

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he or she was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him or her, the notice of such decision or within such further time as the Commissioner of Social Security may allow. 42 U. S. C. § 405(g)(Thomson Reuters/West 2008). Simply, any civil action must be filed within 60 days after the Appeals Council's notice of denial of request for review of the ALJ's decision or notice of the decision by the Appeals Council *is received by* the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. *Cook v. Commissioner of Social Security,* 480 F.3d 432, 435 (6th Cir. 2007). For purposes of this section, the date of receipt of notice of denial of request for review of the

ALJ's decision or notice of the decision by the Appeals Council *shall be presumed to be 5 days after the date of such notice,* unless there is a reasonable showing to the contrary. *Id.* at 435-436.

The Appeals Council issued the decision denying review on April 7, 2007. The five-day grace period expired on April 12, 2007. The statute began to run on April 13, 2007 and it expired on June 11, 2007. Plaintiff filed a Complaint seeking judicial review on June 12, 2007. The Complaint was untimely filed.

Although Plaintiff requests that the Court apply equitable tolling to extend the statute of limitations, Plaintiff failed to present arguments as to the five factors which the Court must consider in addressing such request. In *Dunlap v. United States,* the Sixth Circuit outlined the following factors to be considered in determining the appropriateness of tolling a statute of limitations: (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap,* 250 F.3d 1001, 1008 (6th Cir. 2001). In the absence of Plaintiff's arguments to support its request for equitable tolling, the Court is unable to determine the merits of such claim.

## **CONCLUSION**

For these reasons, the Motion to Strike is granted, the Motion to Dismiss is granted and the case is dismissed.

IT IS SO ORDERED.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: October 7, 2008